**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT D. KLINE,**<br><br>　　　　　　**Plaintiff,**<br><br>　**vs.**<br><br>**PLYMOUTH ROCK ASSURANCE CORP., RYAN P. MCFADDEN, HAROLD R. BELODOFF, and MARY BOYD,**<br><br>　　　　　　**Defendants.** | **CIVIL ACTION**<br><br>**NO.**<br><br><br><br>**ELECTRONICALLY FILED** |

<u>**NOTICE OF REMOVAL**</u>

TO:　United States District Court
　　　Middle District of Pennsylvania
　　　228 Walnut Street
　　　Harrisburg, PA  17108

　　　Defendants, through counsel, Saul Ewing Arnstein & Lehr LLP, file this

Notice of Removal to the United States District Court for the Middle District of

Pennsylvania from the Court of Common Pleas of Mifflin County, Pennsylvania.

In support, Defendants state as follows:

　　　1.　　On or about January 28, 2019, Plaintiff filed a complaint against

Defendants in the Court of Common Pleas of Mifflin County, Pennsylvania, Civil

Action No. 2018-1468 ("Complaint").  Copies of all process and pleadings are

attached as <u>Exhibit A</u>.

2.     In the Complaint, Plaintiff asserts a claim against Defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal law enacted by Congress.  *See, e.g., Stauffer v. Navient Solutions, LLC*, 241 F.Supp.3d 517, 520 (M.D. Pa. 2017).

3.     Under 28 U.S.C. § 1331, the federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Accordingly, this Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

4.     Plaintiff also asserts two state-law claims against Defendants which "derive from a common nucleus of operative fact [as the federal claim] and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Arnold v. Kimberly Quality Care Nursing Servs.,* 762 F.Supp. 1182, 1186 (M.D.Pa. 1991)(citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)).

5.     Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In light of the above, this Court can

exercise supplemental jurisdiction over Plaintiff's state-law claims via 28 U.S.C. § 1367(a).

6.     As far as timing is concerned, under 28 U.S.C. § 1446(b)(1) a defendant may remove a civil action from state court to a United States district court in which the action is pending within 30 days of the defendant's receipt of an initial pleading.

7.     On or about February 4, 2019, Defendants received a copy of the Complaint. Therefore, this Notice of Removal is filed within 30 days after Defendants' receipt of the Complaint and is timely.[1]

8.     A true and correct copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Mifflin County, Pennsylvania, contemporaneously with its filing in this Court.

9.     This Notice of Removal is given subject to and without waiver of any rights Defendants may have with respect to Plaintiff's claims.

---

[1] In full disclosure, on or about December 13, 2018, Plaintiff filed and delivered a writ of summons. (See Ex. A). The Third Circuit, however, "has determined that the 30-day period under § 1446(b)(1) begins to run only when a complaint, and not merely a writ of summons, has been filed." *Spanier v. Freeh*, No. 4:14-CV-1316, 2014 WL 6687323, at *3 (M.D. Pa. Nov. 26, 2014)(Mannion, J.)(citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005)). That ruling "has been interpreted . . . to mean that removal is not proper until a complaint has been [received by] the defendants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F.Supp.2d 568, 571 (E.D. Pa. 2013).

WHEREFORE, Defendants Plymouth Rock Assurance Corp., Ryan P.

McFadden, Harold R. Belodoff, and Mary Boyd respectfully remove this matter to

this Court.

Respectfully submitted,

Dated:  February 6, 2019                 s/ Joel C. Hopkins
                                        Joel C. Hopkins, Esq. (Pa ID No. 85096)
                                        K. Wesley Mishoe, Esq. (Pa ID No. 321983)
                                        SAUL EWING ARNSTEIN & LEHR LLP
                                        Penn National Insurance Plaza
                                        2 North Second Street, 7th Floor
                                        Harrisburg, Pennsylvania 17101
                                        Telephone: (717) 257-7525
                                        Facsimile: (717) 257-7588
                                        Joel.Hopkins@saul.com
                                        Wes.Mishoe@saul.com

                                        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2019, I served a true and correct copy of the foregoing Notice of Removal via first class mail, postage prepaid, upon the following:

> Robert D. Kline, Pro Se
> 225 Fairview Road
> McClure, Pennsylvania 17841

Dated:  February 6, 2019                    /s/ Joel C. Hopkins
                                                          Joel C. Hopkins