# Exhibit A

Robert D. Kline,                                )        IN THE COURT OF COMMON
                                                )        PLEAS, MIFFLIN COUNTY, PA
        PLAINTIFF                               )        CIVIL ACTION - LAW
                                                )        NO. CV- 2018 - 1468
        V.                                      )
                                                )
Plymouth Rock Assurance Corp. &                 )
Ryan P. McFadden,                               )
                                                )
        DEFENDANTS                              )

Harold R. Belodoff & Mary Boyd

        ADDITIONAL DEFENDANTS


## PLAINTIFF'S COMPLAINT


**PLAINTIFFF**

Robert D. Kline
225 Fairview Road
McClure, PA 17841
570-658-3448

**DEFENDANT**

Plymouth Rock Assurance Corp. c/o
Michael J. Cesinger
695 Atlantic Ave.
Boston, MA 02111

Ryan P. McFadden c/o
Plymouth Rock Assurance
331 Newman Springs Rd.  Ste. 304
Red Bank, NJ 07701-15692

Harold R. Belodoff c/o
Plymouth Rock Assurance Corp.
695 Atlantic Ave.
Boston, MA 02111

Mary Boyd c/o
Plymouth Rock Assurance Corp.
695 Atlantic Ave.
Boston, MA 02111

Robert D. Kline,                                    )        IN THE COURT OF COMMON
                                                   )        PLEAS, MIFFLIN COUNTY, PA
          PLAINTIFF                                )        CIVIL ACTION - LAW
                                                   )        NO. CV- 2018 - 1468
          V.                                       )
                                                   )
Plymouth Rock Assurance Corp. &                    )
Ryan P. McFadden,                                  )
                                                   )
          DEFENDANTS                               )

Harold R. Belodoff & Mary Boyd

          ADDITIONAL DEFENDANTS

## NOTICE

You have been sued in court.  If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
717-248-3099

Robert D. Kline,                                    )        IN THE COURT OF COMMON
                                                   )        PLEAS, MIFFLIN COUNTY, PA
            PLAINTIFF                               )        CIVIL ACTION - LAW
                                                   )        NO. CV- 2018 - 1468
            V.                                      )
                                                   )
Plymouth Rock Assurance Corp. &                    )
Ryan P. McFadden,                                  )        JURY TRIAL DEMANDED
                                                   )
            DEFENDANTS                              )

Harold R. Belodoff & Mary Boyd

            ADDITIONAL DEFENDANTS


                        **"PLAINTIFF'S COMPLAINT"**


                    **FACTS COMMON TO ALL COUNTS**



    1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant

herein has a residence at 2256 Fairview Road, McClure, PA 17841 and is listed

on the federal "Do Not Call" registry.

    2. Plaintiff, upon information and belief, hereby alleges that at all times

mentioned herein Defendant, **Plymouth Rock Assurance Corp. ("Plymouth")**

is a commercial insurance agency located in Massachusetts and was served with

original process through their agent Michael J. Cesinger at  695 Atlantic Ave.,

Boston, MA 02111

    3.    Plaintiff, upon information and belief, hereby alleges that at all times

mentioned herein Defendant, **Ryan P. McFadden ("McFadden")** is a

commercial insurance agent for Plymouth and for all times relevant herein and was served with original process at 331 Newman Springs Rd., Ste. 304, Red Bank, NJ 07701-15692.

4. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant, **Harold R. Belodoff ("Belodoff")** is an officer of Plymouth and may be located at 695 Atlantic Ave., Boston, MA 02111.

5. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant, **Mary Boyd ("Boyd")** is an officer of Plymouth and may be located at 695 Atlantic Ave., Boston, MA 02111.

6. Plaintiff believes and therefore avers that Defendants are engaged in concert to do, inter alia, the illegal telemarketing of various health insurance plans via telephone (phone) with the use of live, robo and/or prerecorded calls as well as other methods described herein to prospective client's cell phones either directly, through agents and/or subcontractors without their written expressed written permission.

7. Plaintiff avers that the call described herein and placed by Defendants, their agents, subcontractors or employees to Plaintiff's cell phone utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

8. Plaintiff avers that, more specifically, Defendants and/or their agents use an ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically

(even if the system must be turned on or triggered by a person) which enables them to make automatic calls to potential clients.

9. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendants McFadden, Belodoff and Boyd, with the assistance of the others, write various health insurance policies for Plymouth.

10. Defendant Plymouth is a "person(s)" as defined by 47 U. S. C. §153(39).

11. Such telemarketing activities described herein are in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

12. Plaintiff avers that when Defendants' ATDS equipment calls prospective clients and it causes various electronic "blip" noises as well as "dead air" time prior to an agent answering.

13. Plaintiff avers that, since Defendants McFadden, Belodoff and Boyd directly engage in illegal telemarketing activities by requesting illegal leads as well as support other agents which regularly use illegal phone solicitation via ATDS machines and/or prerecorded calls all of which they know or should know are done without permission of the person called, they have willfully and knowingly engaged in illegal activities under the TCPA.

14. Plaintiff believes and therefore avers that Defendants McFadden, Belodoff and Boyd illegal telemarketing operations are ultra vires activities and, as such, they are not protected by the corporate veil of Plymouth and thus they are personally liable for their own illegal actions and vicariously liable for the illegal actions of their agents as well as other employees who violated the TCPA.

15. Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone call described below. Plaintiff further avers that he has never given his expressed written permission for Defendants or their agents to call him.

16. The TCPA was designed to prevent calls like the one described within this complaint, and to protect the privacy of citizens like the Plaintiff.

17. Plaintiff aver that voluminous consumer complaints about abuses of telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

18. When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

19. Plaintiff avers that in enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

20. Plaintiff avers that Congress found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consent to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

21. Plaintiff aver that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

22. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

23. Defendants or their agent's phone calls constitute calls that were not for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

24. The phone calls described herein below which were generated by Defendants and/or their agents to Plaintiff specifically violated 47 U. S. C. §227(b)(1)(A)(iii) and are an ATDS type calls.

## COUNT I - VIOLATION OF 47 U.S.C. 227 et seq.

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

26. On December 10, 2018 at 5:23 PM Eastern Standard Time, Plaintiff answered his home phone (570-658-7110) and detected "dead air" and then a "blip", which is consistent with ATDS type calls, after which a male agent, who identified himself as "Mike", answered offering health insurance and was calling from a "boiler room" type telemarketing operation.

27. The phone call mentioned in Paragraph (26) was made from 747-282-2332 which is an illegal "spoof" number with no means of registering for the

company do not call list as required by law.

28. Plaintiff aver that said male agent asked questions of the Plaintiff relating to medical insurance and indicated he would get someone licensed for Plaintiff's state to sell insurance and then he was transferred to McFadden.

29. Plaintiff avers that he provided said male agent and McFadden responses to their questions in an effort to find out exactly who or what entity was calling.

30. Plaintiff avers that all defendants have liability for the illegal acts of their agents who called Plaintiff as described above since they are working in concert to do the illegal telemarketing of insurance products.

31. Plaintiff avers that said phone call described herein this Count I was an ATDS type telemarketing call made without expressed written permission of Plaintiff.

32. Plaintiff has suffered concrete injury in fact because the call of the Defendant's agent caused him to have to stop what he was doing and to investigate a nuisance, unwanted call which disturbed his solitude.

33. Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

34. Plaintiff believes and therefore avers that, since defendants work in concert and have a direct relationship with each other as well as other sophisticated businesses organizations with their various agents all of which

"knowingly and willfully" engage in phone calling practices which are in violation of 47 U.S.C. 227 et seq., Plaintiff is therefore entitled to damages of $1500.00 as provided by the law for the willful violation referenced herein this Count I.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1500.00) plus the costs of this action.

## COUNT II - TRESPASS TO CHATTELS

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

36. Plaintiff, not Defendants, pays money to AT&T for the cell phone service which enables him to receive and make calls and texts on his cell phone and, therefore, his cell phone for all purposes herein is his personal property.

37. The phone call which is identified and described in Count I herein was made illegally by or through Defendants to Plaintiff and was unwanted and unsolicited by Plaintiff and thus it illegally takes minutes from his calling plan.

38. Since said phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendants' calls to Plaintiff were made without his written permission, the Defendants are liable for trespass to chattels, since it diminishes the holding capacity of desired calls and reduces battery capacity which has damaged the Plaintiff and caused concrete injury in fact.

39. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00) for

the violation described in Count I that occurred on December 10, 2018 as well as all other violations that are determined through discovery.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT III – INVASION OF PRIVACY/SECLUSION

40. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

41. Plaintiff avers that Defendants, in their quest to make money in their telemarketing campaigns, do not use "scrubbed" lists of phone numbers which are free from cell phone numbers and also call phone numbers that are listed on the federal "Do Not Call" registry.

42. Defendants are a sophisticated telemarketing organization that acts volitionally, plays the odds against getting caught for violations, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been knowingly and willfully in violation of the law in numerous ways.

43. Given all the averments pleaded in this suit describing the illegal activities of the Defendants, Plaintiff considers the methods of conducting business and actions of the Defendants to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes further injury in fact.

44. Plaintiff avers that he is listed on the federal "do not call" registry, but that Defendants have not honored that registry.

45. Defendants, by engaging in the illegal behaviors described herein,

especially in light the specific legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy/seclusion which U.S. Congress has affirmed violates the intent of the TCPA.

46. The U. S. Federal Third Circuit Court of Appeals has determined that telemarketing calls as described herein constitute intrusion into seclusion.

WHEREFORE Plaintiff demands judgment against Defendants in the amount of Fifteen Thousand Dollars ($15,000.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

January 28, 2019

---------------------------------------------------------------------------------------------

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

January 28, 2019

## CERTIFICATE OF SERVICE

On January 28, 2019, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on defendants listed below via U. S. Mail, postage paid addressed as follows:

Plymouth Rock Assurance Corp. c/o
Michael J. Cesinger
695 Atlantic Ave.
Boston, MA 02111

Ryan P. McFadden c/o
Plymouth Rock Assurance
331 Newman Springs Rd.  Ste. 304
Red Bank, NJ 07701-15692

On January 28, 2019, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on defendants listed below via U. S. Mail, postage paid certified mail, restricted delivery addressed as follows:

Harold R. Belodoff c/o
Plymouth Rock Assurance Corp.
695 Atlantic Ave.
Boston, MA 02111                    Article # 7016 3560 0000 0539 3082


Mary Boyd c/o
Plymouth Rock Assurance Corp.
695 Atlantic Ave.
Boston, MA 02111                    Article # 7016 3560 0000 0539 3075

_____
Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

Robert D. Kline,                          )       IN THE COURT OF COMMON
                                          )       PLEAS, MIFFLIN COUNTY, PA
        PLAINTIFF                   )       CIVIL ACTION - LAW
                                          )       NO. CV- 2018 - 1468
        V.                          )
                                          )
Plymouth Rock Assurance Corp. &           )
Ryan P. McFadden                          )
                                          )
                                          )
        DEFENDANTS                  )

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Please issue a writ of summons in the above case to all defendants whose addresses are as follows:

        Plymouth Rock Assurance Corp. c/o
        Michael J. Cesinger
        695 Atlantic Ave.
        Boston, MA 02111

        Ryan P. McFadden
        110 Hunter Blvd.
        Browns Mills, NJ 08015

    Summons shall be forwarded to Robert D. Kline, J. D., 2256 Fairview Road, McClure, PA 17841, who will have service arranged consistent with the rules.

                              _____
                              Robert D. Kline, J. D.
                              2256 Fairview Road
                              McClure, PA 17841
Date: December 13, 2018      Telephone 570-658-3448

FILED
MIFFLIN COUNTY
2018 DEC 13 AM 10: 07
PROTHONOTARY
CLERK OF COURTS

Robert D. Kline,                          )   IN THE COURT OF COMMON
                                          )   PLEAS, MIFFLIN COUNTY, PA
            PLAINTIFF                      )   CIVIL ACTION - LAW
                                          )   NO. CV- 2018 - 1468
            V.                             )
                                          )
Plymouth Rock Assurance Corp. &           )
Ryan P. McFadden                          )
                                          )
                                          )
            DEFENDANTS                     )


## WRIT OF SUMMONS

To:  Plymouth Rock Assurance Corp. &  Ryan P. McFadden


YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS
COMMENCED A CIVIL ACTION AGAINST YOU.


_____
Prothonotary/Clerk, Civil Div.

by _____
    Deputy


Date: December  13 , 2018

FILED
MIFFLIN COUNTY
2018 DEC 13  AM 10: 07
PROTHONOTARY
CLERK OF COURTS

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

December _13_, 2018

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ MIFFLIN _____ County

| For Prothonotary Use Only: | FILED MIFFLIN COUNTY TIME S/R 2018 DEC 13 AM 10:07 PROTHONOTARY CLERK OF COURTS |
|---|---|
| Docket No: CP-44-CV-1468-18 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: Robert D. Kline

Lead Defendant's Name: Plymouth Rock Assurance Corp.

**Are money damages requested?** ☐ Yes ☒ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: _____

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: 27 U.S.C. 227 TCPA

*Updated 1/1/2011*